Larnell C. Collins, CDCR# C-37521
_____
Name and Prisoner/Booking Number
California Substance Abuse Treatment Facility at California State Prison-Corcoran
_____
Place of Confinement
P.O. Box5248
_____

Mailing Address
Corcoran Ca. 93212
_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

LARNELL C. COLLINS
_____ ,
(Full Name of Plaintiff)          Plaintiff,

v.

(1) CONALL McCABE, MEDICAL DOCTOR
_____ ,
(Full Name of Defendant)
(2) JEFFERY WANG,  MEDICAL DOCTOR
_____ ,

(3) O. BEREGOUSKAYA, MEDICAL DOCTOR
_____ ,

(4) _____ ,
                    Defendant(s).
☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. **1:19-cv-00458 GSA (PC)**
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☒ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   - ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   - ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
   - ☐ Other: _____

2. Institution/city where violation occurred: <u>CALIFORNIA STATE PRISON-CORCORAN</u>

## B. DEFENDANTS

1.  Name of first Defendant: __Conall McCade Medical Doctor__. The first Defendant is employed as: __Chief Physician and Surgeon__ at __CSP-Corcoran__.
    (Position and Title)          (Institution)

2.  Name of second Defendant: __Jefferey Wang__. The second Defendant is employed as: __Medical Doctor, Physician and Surgeon__ at __CSP-Corcoran__.
    (Position and Title)          (Institution)

3.  Name of third Defendant: __O. Beregouskay__. The third Defendant is employed as: __Medical Doctor, Physician and Surgeon__ at __CSP-Corcoran__.
    (Position and Title)          (Institution)

4.  Name of fourth Defendant: __N/A__. The fourth Defendant is employed as: __N/A__ at __N/A__.
    (Position and Title)          (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C. PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?    ☒ Yes    ☐ No

2.  If yes, how many lawsuits have you filed? __One__. Describe the previous lawsuits: Medical

    a.  First prior lawsuit:
        1.  Parties: __Larnell C. Collins__ v. __Sherry Lopez, M.D., et al__
        2.  Court and case number: __1:11-CV-01534-SKO-PC, Eastern District Ct,__
        3.  Result: (Was the case dismissed? Was it appealed? Is it still pending?) __Settlement Agreement.__

    b.  Second prior lawsuit:
        1.  Parties: __N/A__ v. __N/A__
        2.  Court and case number: __N/A__
        3.  Result: (Was the case dismissed? Was it appealed? Is it still pending?) __N/A__

    c.  Third prior lawsuit:
        1.  Parties: __N/A__ v. __N/A__
        2.  Court and case number: __///__
        3.  Result: (Was the case dismissed? Was it appealed? Is it still pending?) __///__
            __///__

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D. CAUSE OF ACTION

### CLAIM I

1. State the constitutional or other federal civil right that was violated: <u>Eighth Amendment Violation to be free from Cruel and Unusal Punishment of the United States Constitution.</u>

2. **Claim I.** Identify the issue involved. Check **only one.** State additional issues in separate claims.

☐ Basic necessities     ☐ Mail     ☐ Access to the court     ☒ Medical care
☐ Disciplinary proceedings     ☐ Property     ☐ Exercise of religion     ☐ Retaliation
☐ Excessive force by an officer     ☐ Threat to safety     ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

<u>SEE ADDENDUM TO CIVIL RIGHTS COMPLAINT FORM PAGES 1-THROUGH-18</u>

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s). <u>As a results of the defendants named in this complaint denying plaintiff total knee replacement surgery, plaintiff went one year and 9 months, experiencing debilitating pain, caused by bone touching bone, ACL absent; deformity and deteriroation caused by Osteoarthritis.</u>

5. **Administrative Remedies:**

a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?     ☒ Yes    ☐ No

b. Did you submit a request for administrative relief on Claim I?     ☒ Yes    ☐ No

c. Did you appeal your request for relief on Claim I to the highest level?     ☒ Yes    ☐ No

d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____N/A_____

## CLAIM II

1.   State the constitutional or other federal civil right that was violated: <u>Fourtheenth Amendment violation</u> <u>of Due Process and Equal Protection of the law.</u>

2.   **Claim II.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☒ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____.

3.   **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.
<u>SEE ADDENUDM TO CIVIL RIGHTS COMPLAINT FORM PAGES 1-THROUGH-18</u>

4.   **Injury.** State how you were injured by the actions or inactions of the Defendant(s). <u>Unwarrent delay and/or</u> <u>denial to give plaintiff Total Knee Replacement surgery without explaination or reason for</u> <u>denial, granted another inmate same surgery at time of denying plaintiff; mental anguish</u> <u>and suffering.</u>

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☒ Yes  ☐ No
   b.   Did you submit a request for administrative relief on Claim II?      ☒ Yes  ☐ No
   c.   Did you appeal your request for relief on Claim II to the highest level?      ☒ Yes  ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   <u>N/A</u>

4

## E. REQUEST FOR RELIEF

State the relief you are seeking:
SEE PAGE 15 OF 17, VIII, AT PARAGRAPH 120-THROUGHT-128

---

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___April 9, 2019___

DATE                                                SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

ADDENDUM TO CIVIL RIGHT COMPLAINT FORM
TO CIVIL RIGHTS ACT. 42 U.S.C. §1983

1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6                  FOR THE EASTERN DISTRICT OF CALIFORNIA

7

8   LARNELL C. COLLINS                    )      CASE NO. _____

9   Plaintiff,                            )      COMPLAINT UNDER THE CIVIL RIGHT

10             Vs.                         )      ACT, 42 U.S.C. §1983

11                                         )

12  CONALL McCABE, Medical Doctor         )

13  Chief Physician and Surgeon,          )

14  JEFFREY WANG, Medical Doctor          )

15  Physician and Surgeon,                )

16  O. BEREGOUSKAYA, Medical Doctor       )

17  Physician and Surgeon,                )

18  Defendants.                           )

19  _____)

20                        **I. INTRODUCTION**

21        1.) This is a Civil Rights Action filed by Larnell C. Collins, a California State Prisoner

22  for damages under 42 U.S.C. §1983, for denial of Medical Care in violation of the Eight

23  Amendment to the United States Constitution and in violation to his Due Process Rights of Equal

24  Protection of the Fourteenth Amendment to the United States Constitutions.

25                        **II. JURISDICTION**

26        2.) This Court has jurisdiction pursuant to 28 U.S.C. §§1331, and 1343.  In addition, this

27  Court has jurisdiction to plaintiff's State Law Claims pursuant to 28 U.S.C. §1367, because these

28  claims arise from the same operative facts as Plaintiff's federal law claims.

Collins, L. #C-37521                    1-17

ADDENDUM TO CIVIL RIGHT COMPLAINT FORM
TO CIVIL RIGHTS ACT. 42 U.S.C. §1983

### III. VENUE

3.) Venue is proper in this District under 28 U.S.C §1391, because one or more of the defendants resides in this district and a substantial part of the events and omissions giving rise to this claims occurred in this district.

### IV. PARTIES

4.) Plaintiff Larnell C. Collins (Plaintiff Collins) is an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR), at all times relevant to this complaint, plaintiff was housed at California State Prison Corcoran (CSP-Cor.) P.O. Box 3471, Corcoran, Ca. 93212, at the times the violation of his constitutional rights occurred.

5.) Plaintiff Collins, is currently housed at California Substance Abuse Treatment Facility Level-II (CSATF)

6.) Defendant Conall McCade is a Medical Doctor employed by CDCR, assigned as Chief Physician and Surgeon (defendant Dr. McCade CP&S), he is responsible for the medical welfare of all the inmates housed at CSP-Cor. and at all times relevant to this complaint.

7.) Defendant Jeffery Wang is Medical Doctor employed by CDCR, assigned as Physician and Surgeon at CSP-Cor. (defendant Dr. J. Wang) is at all times relevant to this complaint.

8.) Defendant O. Berequouskay is Medical Doctor employed by CDCR, assigned as Physician and Surgeon at CSP-Cor. (defendant Dr. O. Berequouskay) is at all times relevant to this complaint.

### V. STATEMENT OF THE FACTS

9.) March 18, 2014, a Health Care Services Physician Request for Services form (Physician Request form) where submitted by defendant Dr. J. Wang for plaintiff Collins to be examine by an Orthopedic Specialist for chronic knee problems and defendant Dr. O. Berequouskay approved the physician request form.

10.) March 25, 2014, plaintiff Collins was examine by Orthopedic Specialist and Surgeon (Ortho. Spec.) Dr. D. Smith, M.D. during the examination, plaintiff Collins give medical history of his left knee ((lf) knee) by briefly explaining the poor condition of knee, pain he was experiencing and previous surgeries he had.

ADDENDUM TO CIVIL RIGHT COMPLAINT FORM
TO CIVIL RIGHTS ACT. 42 U.S.C. §1983

11.) Specifically, plaintiff Collins explain how (lf)knee constantly gives- out, the painful burning/tearing sensation in middle area of knee, painful pressure from swelling makes it difficult to walk, there is a painful popping inside and it hurts to bend or extend knee or walk.

12.) Ortho. Spec. Dr. Smith recommended a MRI Scan to determine the extent of injury.

13.) On April 8, 2014, a Physician's Request form was submitted by CSP-Cor. Physician and Surgeon Dr. J. Moon, M.D. for plaintiff Collins to receive a MRI Scan on (lf) knee. In addition, the above said physician request was approved by defendant Dr. C. McCade CP&S.

14.) Between April 9, 2014, and May 18, 2014, plaintiff Collins had a MRI Scan on (lf) Knee.

15.) On May 19, 2014, plaintiff Collins was examine by Dr. J. Moon, he informed plaintiff he would be his Care Provider and told plaintiff that MRI Scan shows a large meniscus tear in knee that require surgery to repair.

16.) Therefore, Dr. Moon submitted a Physician's Request form for plaintiff to receive surgery and defendant Dr. O. Berequouskay approved it.

17.) On June 5, 2014, plaintiff Collins had an Arthroscopy Surgery performed on his (lf) knee by Ortho. Spec. Dr. Smith.

18.) Defendant Dr. O. Berequouskay on June 10, 2014, submitted a physician request form for plaintiff to see Ortho. Spec. Dr. Smith for follow-up treatment from June 6, 2014, surgery and request was approved by defendant Dr. J. Wang.

19.) On June 20, 2014, plaintiff Collins was examined by Ortho. Spec. Dr. Smith, while Dr. Smith was removing stitches from plaintiff's (lf) knee, he informed plaintiff that while inside knee, he observed severe osteoarthritis degenerative changes and meniscus is thin to point there is no cushion between the femur and tibia bones. He informed plaintiff that he made need additional surgery.

20.) Ortho. Spec. Dr. D. Smith recommended physical therapy and requested to see plaintiff Collins again in a month.

21.) On June 24, 2014, defendant Dr. O Berequouskay submitted a Physician Request

ADDENDUM TO CIVIL RIGHT COMPLAINT FORM
TO CIVIL RIGHTS ACT. 42 U.S.C. §1983

1   form for plaintiff to receive physical therapy and referral was approved by defendant Dr. C.

2   McCade CP&S.

3       22.) Proximately, 80 days had elapse since June 20, 2014, consultation plaintiff Collins

4   had with Ortho. Spec. Dr. D. Smith, he requested to see plaintiff again in 30 days.

5       23.) Plaintiff Collins on September 9, 2014, submitted an Inmate Health Care Service

6   Request form (sick call slip) requesting to see an Orthopedic Specialist, explaining that prox-

7   imately 80 days past since last consultation and Ortho. Spec. Dr. Smith requested to see plaintiff

8   again in 30 days.

9       24.) On September 12, 2014, plaintiff Collins had consultation with Ortho. Spec. Dr.

10  Smith, during the examination, plaintiff explained pain he was experiencing, still burning/tearing

11  sensation in middle of knee, bending cause a sharp pain and it hurts to walk or put pressure on

12  (lf) knee/leg.

13      25.) Ortho. Spec. Dr. Smith explained to plaintiff Collins that he has moderate to severe

14  osteoarthritis degeneration in area of his (lf) knee, severe meniscus damage and condition of

15  plaintiff's (lf) knee is not going to get better.  Ortho. Spec. Dr. Smith informed plaintiff he is

16  going to recommend an evaluated for him to receive Total Knee Replacement Surgery (TKR

17  Surgery).

18      26.) On September 29, 2014, Dr. J. Moon submitted a Physician's Request form, re-

19  questing plaintiff Collins to see Orthopedic Specialist in one month for TKR Surgery evaluation.

20      27.) On October 10, 2014, plaintiff Collins had consultation with Ortho. Spec. Dr. Smith

21  regarding his (lf) knee, Dr. Smith informed plaintiff that after reviewing MRI Scan and based on

22  the significant degenerative changes in knee, plaintiff's condition will not improve he is going to

23  refer plaintiff to another Orthopedic Specialist for a second opinion for TKR surgery.

24      28.) On October 22, 2014, Dr. J. Moon examined plaintiff Collins; Dr. Moon agreed

25  with Ortho. Spec. Dr Smith's recommendation for plaintiff Collins to see a second orthopedic

26  specialist.  Dr. J. Moon submitted a physician request form and defendant Dr. O. Beregouskay

27  approved it.

28      29.) Proximately, 67 days elapsed since October 22, '14, referral for plaintiff to be seen

ADDENDUM TO CIVIL RIGHT COMPLAINT FORM
TO CIVIL RIGHTS ACT. 42 U.S.C. §1983

1   by orthopedic specialist and plaintiff still experiencing extreme pain, burning/tearing sensation,

2   painful swelling which cause difficulty to bend or extend (lf)knee, plaintiff submitted a sick call

3   slip on December 28, '14.

4       30.) On January 2, 2015, plaintiff Collins talk with RN D. McGrew, plaintiff reiterated

5   from Dec. 28, '14, sick call slip the pain he was experiencing, having difficulty walking, unable

6   to sleep and current medication provide no pain relief.

7       31.) In addition plaintiff explain he had been diagnose as having osteoarthritis with sig-

8   nificant deterioration in (lf) knee and it has been proximately 72 days since referral for plaintiff

9   to see orthopedic specialist for TKR Surgery was submitted.

10      32.) Also, plaintiff Collins informed to RN D. McGrew that due to being a programming

11  inmate with medium 'A' Custody, not a risk or management problem, he was assigned a first

12  watch janitor job requiring him to walk the distance of over 300 yards to and from work.

13      33.) Plaintiff Collins further explain walking that distance in cold/wet weather at night/

14  early morning between 11:00 Pm-to-3:00 Am., then performing work on wet slippery floor or

15  prolong standing is too much stress on injury, could I be medically unassigned.

16      34.) RN D. McGrew informed plaintiff Collins that she is only authorized to issue medi-

17  cal lay-ins and issued plaintiff a two day lay-in from work.

18      35.) On January 8, 2015, plaintiff Collins talked with Physicians Assistant (PA) Dr. C.

19  Sisodia in the presence of RN D. McGrew.  Plaintiff explain the pain he was experiencing, medi-

20  cation provides no pain relief, the painful difficulty to walk, plaintiff can't sleep at nigh and

21  showed PA Dr. C. Sisodia and RN D. Mc Grew how swollen (lf) knee was.

22      36.) Plaintiff Collins informed PA C. Sisodia that he was diagnose as having significant

23  osteoarthritis deterioration in (lf) knee by Ortho. Spec. Dr. D. Smith and on Oct. 22, '14, Dr. J.

24  Moon submitted a physician's referral for me to see Orthopedic Specialist for TKR surgery it has

25  been 78 days since that referral was submitted.

26      37.) And, he was assigned a first watch job requiring plaintiff to walk over the distance

27  of 300 yards to and from work between 11:00 Pm and 3:00 Am. in the morning and injury knee

28  cannot take that stress, can I be medically unassigned.

ADDENDUM TO CIVIL RIGHT COMPLAINT FORM
TO CIVIL RIGHTS ACT. 42 U.S.C. §1983

1     38.) PA Dr. C. Sisodia stated there was nothing she could do, that plaintiff had to wait
2  until Dr. Moon returns.  RN D. McGrew interjected by explaining to PA Dr. C. Sisodia that she
3  could give plaintiff a one week medical lay-in from work.

4     39.) RN D. McGrew instructed plaintiff to submit another inmate sick call slip to see Dr.
5  Moon, by the time it is process Dr. Moon should be back.

6     40.) On January 9, 2015, plaintiff Collins submitted sick call slip expressing pain he is in
7  and requested to see Dr. J. Moon and/or Orthopedic Specialist.

8     41.) On January 13, 2015, plaintiff Collins talk with RN D. McGrew, thought RN D.
9  McGrew familiar with plaintiff's (lf) knee injury, she had plaintiff repeat his medical problems
10  so she could document them accordingly.

11     42.) Plaintiff Collins indicated that 83 days has elapse since Dr. J. Moon submitted a
12  physician request form for him to see orthopedic specialist, that plaintiff is experiencing great
13  pain walking, (lf) knee constantly gives-out, it hurt to bend/extend knee and there is a burn-
14  ing/tearing sensation in middle of knee joint and, medication provides no pain relief.

15     43.) In addition, plaintiff reiterated he was given a first watch janitorial assignment re-
16  quiring him to walk over 300 yards in cold/wet weather between 11:00 Pm. and 3:00 Am., then
17  having to do work on wet slippery floor with prolong standing, plaintiff's (lf) knee cannot take
18  that stress.

19     44.) RN D. McGrew informed plaintiff that current medical lay-in has two days remain-
20  ing, she instructed plaintiff to wait a day then submit a sick call slip requesting renewal of medi-
21  cal lay.  On January 14, '15, plaintiff did as instructed.

22     45.) On January 16, '15, 86 days after the physician request for plaintiff to see orthoped-
23  ic specialist where submitted, plaintiff had Telemed Medical Consultation with an Orthopedic
24  Specialist/Surgeon Dr. David Amory M.D. (Ortho. Spec. Dr. D. Amory) plaintiff Collins gave
25  history of (lf) knee, how he injured it and condition knee is in now.

26     46.) That it constantly gives out without warning, certain motions cause a shocking pain
27  from middle of knee to hip, it is swollen, there is pain when walking or bending/extending knee,
28  there is an extreme painful burning/tearing sensation in middle of knee joint.  The current medi-

ADDENDUM TO CIVIL RIGHT COMPLAINT FORM
TO CIVIL RIGHTS ACT. 42 U.S.C. §1983

1   cation provides no relief.

2        47.) Ortho. Spec. Dr. Amory stated that he reviewed plaintiff's MRI Scan and plaintiff

3   has significant osteoarthritis deformity in your knee requiring TKR surgery to correct it.

4        48.) Plaintiff Collins asked is there any other procedure than TKR Surgery. Ortho. Spec.

5   Dr. D. Amory stated, no your condition has advance arthritis denegation, TKR surgery is your

6   only option.

7        49.) Ortho. Spec. Dr. D. Amory and plaintiff Collins discuss the procedures of TKR Sur-

8   gery and its risk factors.  Understanding the risk associated with the procedure it being the only

9   option, plaintiff Collins agreed to the surgery and gave Ortho. Spec. Dr. D. Amory formal con-

10   sent and Dr. Amory said he will process the necessary paper work to get the procedure started

11   and instructed plaintiff to talk with institution doctor about stronger medication.

12        50.) On January 22, '15, plaintiff Collins submitted a sick call slip explaining that cur-

13   rent medication provides no relief and (lf) knee still causes great pain.

14        51.) After 21 days has past since plaintiff's Telemed Medical Consultation with an Or-

15   tho. Spec. Dr. David Amory M.D., (lf) knee still causing plaintiff Collins great pain and condi-

16   tion not improving, plaintiff submitted a ~~third~~ sick call slip on February 5, '15.

17        52.) On February 9, '15, plaintiff Collins had medical appointment with RN D. McGrew,

18   plaintiff complaint about the continuous pain he is and (lf) knee not improving.  And, plaintiff

19   informed her that on January 16, '15, plaintiff had Telemed appointment with Ortho. Spec. Dr.

20   D. Amory, it was medically determine plaintiff needs TKR Surgery.

21        53.) Plaintiff Collins informed RN D. McGrew that medication expired, it had been over

22   10 days without it, though it does not provide much pain relief, presently it is all plaintiff get and

23   plaintiff informed RN D. McGrew that he is still being call to work and refusal to report or to

24   work will subjects plaintiff to disciplinary write-up.

25        54.) RN D. McGrew issued plaintiff Collins a bottle of Advil, instructed him to take

26   them until renewal of medication and she informed plaintiff that he is schedule to see Dr. J.

27   Moon on Thursday February 12th.

28        55.) On February 12, '15, plaintiff Collins was examined by Dr. J. Moon for his (lf) knee

ADDENDUM TO CIVIL RIGHT COMPLAINT FORM
TO CIVIL RIGHTS ACT. 42 U.S.C. §1983

1  and left shoulder, in regards to (lf) knee, plaintiff complaint about the amount of tremendous

2  pain he is constantly in, current medication provides no relief, plaintiff explain the poor condi-

3  tion (lf) knee.

4      56.) And, plaintiff informed Dr. J. Moon, he finally seen orthopedic specialist Dr. D.

5  Amory and he diagnosed plaintiff as having severe osteoarthritis deformity in (lf) knee, both Or-

6  thopedic Specialist/Surgeons Dr. D. Smith and Dr. D. Amory recommended TKR Surgery.

7      57.) Also, plaintiff Collins explained to Dr. J. Moon that he was assigned a first watch

8  janitorial job requiring him to walk over 300 yards in cold/wet weather between 11:00 Pm. and

9  3:00 Am., then having to do work on wet slippery floor with prolong standing, plaintiff's (lf)

10  knee cannot take that stress. Could I be medically un-assigned.

11      58.) Dr. J. Moon prescribed Tylenol with Codeine, plaintiff Collins opposed narcotics

12  because of sickness; dizziness and constipation he experienced from taking narcotic before,

13  plaintiff had three previous surgeries on (lf) knee.

14      59.) Dr. J. Moon stated the condition your knee is in, narcotic is best for pain and Dr.

15  Moon had plaintiff walk a short distance inside the clinic and witness (lf) knee give out.

16      60.) Dr. J. Moon ordered plaintiff Collins be issue a cane and informed plaintiff that

17  medical un-assignment are not preferred, that he'll write plaintiff a physical limitation chrono.

18      61.) Dr. J. Moon informed plaintiff Collins that he went over both Orthopedic Doctors'

19  recommendation for Total Knee Replacement Surgery and he agree that left untreated your

20  (plaintiff's) condition will get worse, therefore, Dr. J. Moon submitted a physician request for

21  plaintiff Collins to receive TKR Surgery.

22      62.) After taking Tylenol with Codeine for proximately a week, on February 16, '15,

23  plaintiff Collins submitted a sick call slip requesting to be taken off said medicine because

24  crushed pills tasted horrible, cause plaintiff to regurgitated or gad, feeling nausea afterwards and

25  said medicine cause dizziness, stomach cramps, discomforting constipation and painful bowel

26  movement.

27      63.) On March 3, '15, plaintiff Collins was seen by Dr. J. Moon in the presence of Li-

28  cense Vocational Nurse(LVN) M. Galamgam, plaintiff explained to Dr. J. Moon how crushed

ADDENDUM TO CIVIL RIGHT COMPLAINT FORM
TO CIVIL RIGHTS ACT. 42 U.S.C. §1983

1   Tylenol with Codeine is difficult to swallow due to it tasting terrible, cause gadding, re-

2   gurgitation, it causes nausea, stomach cramps, dizziness, constipation and painful bowel move-

3   ment.

4       64.) And, plaintiff Collins asked about the status of TKR Surgery and learned that both

5   February 12, 2015 and February 23, 2015, Physician Request for Services that Dr. J. Moon sub-

6   mitted for plaintiff Collins to receive TKR surgery were denied by defendant O. Beregouskay

7   M.D.

8       65.) Plaintiff Collins stated to Dr. Moon that this is confusing, upsetting and stressful

9   that two orthopedic specialists and you medically determine TKR Surgery is necessary, it being

10   plaintiff's only medical option to correct injury, cease pain and prevent osteoarthritis deteriora-

11   tion from progressing and/or crippling and I am deny without given any alternate treatment or

12   explanation.

13       66.) Dr. J. Moon said to plaintiff Collins that he knows it is stressful, that he will submit

14   a third request, take all the necessary medical records concerning your knee and talk with the

15   Chief Medical Officer (defendant C. McCade CPS) himself.

16       67.) Dr. J. Moon took plaintiff Collins off Tylenol with codeine and prescribed morphine

17   three times a day uncrushed.

18       68.) On March 30, 2015, Dr. J. Moon submitted the third Physician Request for plaintiff

19   Collins to receive TKR Surgery.

20       69.) April 26, 2015, plaintiff Collins still experiencing great pain in (lf) knee submitted a

21   sick call slip, explaining a constant burning/pulling pain inside (lf) knee; it feels loose and hurts

22   even after taking medication.

23       70.) On April 28, 2015, plaintiff Collins talk with RN D. McGrew about his (lf) knee and

24   how there is a burning pulling pain inside knee, it feels loose and though he doesn't like to take

25   crushed morphine pills could he get prescription refilled.

26       71.). And, plaintiff Collins asked about the status of TKR Surgery, RN D. McGrew in-

27   formed plaintiff that Dr. Moon completed another medical request for you to receive TKR sur-

28   gery took it with medical records and talked with the CMO, (defendant Dr. D. McCade (CPS))

ADDENDUM TO CIVIL RIGHT COMPLAINT FORM
TO CIVIL RIGHTS ACT. 42 U.S.C. §1983

about your surgery.

72.). On June 1, 2015, plaintiff Collins talk with PA C. Sisodia in the presence of LVN M. Galamgam, plaintiff inquired about the status of TKR Surgery that Dr. J. Moon requested on March 30, 2015.

73.) Plaintiff Collins was informed the third request for him to receive TKR Surgery was denied on April 20, 2015 by defendant Dr. C. McCade (CPS), again without explanation, without alternate treatment or treatment plain given, leaving plaintiff to suffer severe pain from being denied TKR Surgery and distress from not understanding why he is continuously denied surgery.

74.) On June 16, 2015, plaintiff Collins submitted a sick call slip explaining (lf) knee constantly gives-out causing pain, pressure from swelling causes pain, current medication (morphine) slightly dulls the pain and due pain plaintiff is up hour having difficulty sleeping.

75.) On June 19, 2015, plaintiff Collins seen by RN D. McCrew, though already familiar with plaintiff's medical condition, she asked him to repeat everything so she could document it accordingly. Plaintiff explain that pain level is constant 8, 9 or 10, knee gives-out without warning causes a shocking pain in middle of knee and most of the pain is late night or early morning when medication has worn off leaving plaintiff to go four to six hours in pain before taking next pill. RN D. McGrew told plaintiff that she would put him on the doctor's list.

76) On July 1, 2015, Inmate Ronald Handwerk CDCR #AL-7901 had Total Knee Replacement Surgery performed by Orthopedic Specialist and Surgeon Dr. David Amory at Tri City Hospital in San Diego California.

77.) On July 9, 2015, plaintiff Collins submitted a Sick Call Slip complaining that (lf) knee constantly goes out; there is a painful popping, tearing sensation and swelling.

78.) On July 16, 2015, plaintiff Collins had medical appointment with RN D. McGrew, while RN Grew was taking plaintiff's vital signs, she apologized to plaintiff that TKR surgery was deny.

79.) Plaintiff Collins express his frustration and confusion, stating that he doesn't understand why he keeps getting denied TKR Surgery, when Inmate Handwerk had TKR surgery in the first week of July.

ADDENDUM TO CIVIL RIGHT COMPLAINT FORM
TO CIVIL RIGHTS ACT. 42 U.S.C. §1983

1    80.) RN D. McGrew documented what plaintiff explained and told plaintiff she will put

2    him on doctor's list and suggested plaintiff to informed Dr. J. Moon that another inmate had

3    TKR Surgery.

4    81.) On July 17, 2015, plaintiff Collins was summon to C-Facility Clinic, RN McGrew

5    informed plaintiff that he was there for his Medical-602 and Dr. Wang (defendant Dr. J. Wang)

6    will be interviewing you.

7    82.) RN D. McGrew stated that she had a discussion with Dr. Wang, told him the condi-

8    tion of (lf) knee that I constantly complaint about pain, orthopedic specialists recommended TKR

9    Surgery and Dr. Moon has put in several request for him to receive surgery. She also instructed

10    plaintiff to tell Dr. Wang that another inmate had been approve and received Total Knee Re-

11    placement Surgery.

12    83.) M. Galamgam LVN came out of office, got plaintiff, when both return, plaintiff

13    gave his full name and CDCR number, and defendant J. Wang M.D. introduced himself stating

14    he is a physician and surgeon here at Corcoran (CSP-Cor.) and will be interviewing plaintiff for

15    the purpose of your medical appeal, log# 15058666.

16    84.) Defendant J. Wang M.D. asked plaintiff Collins why he believes he needs total knee

17    replacement surgery. Plaintiff Collins responded that the need for TKR Surgery is base on the

18    medical opinions by orthopedic specialists Dr. D. Smith, Dr. D. Amory and Dr. J. Moon.

19    85.) Plaintiff Collins gave defendant J. Wang M.D. history of knee, attempted to show

20    him the medical records from 1987, reconstructive surgery and had two arthroscopy surgery.

21    And other orthopedic specialist or doctors before Dr. D. Smith, Dr. D. Amory, Dr. J. Moon said

22    that I may need or need TKR Surgery.

23    86.) Plaintiff Collins further explained, that Dr. D. Smith perform an Arthroscopy

24    Surgery on June 5, 2014, on plaintiff's (lf) knee he informed plaintiff that while inside knee, he

25    seen moderate to severe osteoarthritis degeneration in different areas, the meniscus is thin to

26    point there is bone rubbing againts and damage to knee is so severe that TKR surgery is

27    necessary and he recommended me to Dr. D. Amory.

28    87.) Orthopedic Specialist Dr. D. Amory stated that he reviewed Dr. D. Smith's medical

ADDENDUM TO CIVIL RIGHT COMPLAINT FORM
TO CIVIL RIGHTS ACT. 42 U.S.C. §1983

1   reports, my medical records and the MRI Scan of (lf) knee and from medical evaluation deter-

2   mined that to prevent progression of deformity, osteoarthritis deterioration and correct injury to-

3   tal knee replacement is only option.

4       88)   Plaintiff Collins attempted to show defendant J. Wang M.D. the condition of his

5   knee, but defendant Wang decline and asked plaintiff was he on medication.

6       89.)   Plaintiff Collins said yes and informed defendant J. Wang M.D. that morphine only

7   dulls the pain down to the level of seven, after it wears off late night or early morning plaintiff

8   goes hour suffering from pain and cannot sleep, up until the next morning when plaintiff can get

9   his next pill.

10      90.)   Plaintiff Collins continued to explained to defendant J. Wang that crushed morphine

11   taste horrible, plaintiff has difficulty swallowing it, I regurgitate, feel nausea; said medicine

12   cause dizziness, stomach cramps, discomforting constipation and painful vowel movement.

13      91.)   Dr. J. Moon submitted three-physician request for me (plaintiff) to receive TKR

14   Surgery, the request where denied without explanation, without alternative treatment or a treat-

15   ment plain given.

16      92.)   Plaintiff stated to defendant Dr. J. Wang that this whole process is frustrating and

17   stressful that he does not understand why he is denied TKR surgery and an inmate housed down

18   the tier from me had TKR Surgery done in he first week of July.

19      93.)   Defendant J. Wang M.D. said he is going to check into that but right now I going to

20   prescribe Tripletail for your depression and as a sleep aid.  And, if three physician request for

21   TKR surgery where submitted for you to receive the surgery and denied which had to be done by

22   the Chief Medical Officer (defendant C. McCade CPS) then I am going to postpone this inter-

23   view until after I talk with him first.

24      94.)   On July 22, 2015, plaintiff Collins talk with a John Doe, Correctional Counselor-II

25   (CC-II) via institution phone at CSP-Cor., 3-Building podium; John Doe CC-II asked plaintiff if

26   he could be transferred by Bus or Van, plaintiff stated that he has a medical documentation for

27   him to be transported by vehicle with wheelchair lift.

28      95.)   Plaintiff Collins asked why, John Doe CC-II informed plaintiff that he going to be

ADDENDUM TO CIVIL RIGHT COMPLAINT FORM
TO CIVIL RIGHTS ACT. 42 U.S.C. §1983

1   transfer, plaintiff went on to explain that he is under doctor's care, doctor is trying to get plaintiff

2   surgery on his injured knee, that if transferred now the whole process of trying to get surgery

3   starts all over, I have medical 602 pending and where I am going.

4       96.) John Doe C-II stated all that is noted, R&R will inform you where you are going.

5       97.) On July 27, 2015, plaintiff Collins transferred to Richard J. Donovan Correctional

6   Facility (R.J. Donovan) in San Diego California.

7       98.) On August 10, 2015, plaintiff Collins had Unit Classification Committee Review

8   with R. Flores Correctional Counselor-I (CC-I), during the interview, R. Flores CC-I stated that

9   he read plaintiff's Central File, that plaintiff has a very good prison history; you have no discip-

10  linary points, your not a management problem and a programming inmate why where you sent

11  here.

12      99.) Plaintiff Collins stated that he do not know why, and briefly explained his medical

13  condition to R. Flores .CC-I, that while at CSP-Cor. I was under doctor's care, trying to get sur-

14  gery and without explanation was transfer here.

15      100.) R. Flores CC-I looked back on computer at plaintiff's Central File and stated there

16  is nothing in your file that indicates a medical transfer.  R. Flores CC-I instructed plaintiff to

17  submit a sick call slip and medical will see you about your medical problems.

18      101)  On August 27, 2015, plaintiff Collins was examined by RJD Corr. Fac. Physi-

19  cian/Surgeon Dr. G. Casian, M.D. (Dr. Casian) and she informed plaintiff that she will be his

20  primary care provider and on your sick call slip you mentioned having osteoarthritis degenera-

21  tion in (lf) knee that cause you and two orthopedic specialists/surgeons recommended knee re-

22  placement surgery.

23      102.) Dr. Casian stated I seen several request where submitted for you to receive surgery,

24  why did not you receive it there.

25      103.) Plaintiff Collins stated that he does not know why, that he was not given an expla-

26  nation or reason for denial of TKR surgery.

27      104)  While Dr. Casian was examining plaintiff's (lf) knee she asked how he injured it

28  and immediately notice how swollen (lf) knee was and the two surgical scars from previous sur-

ADDENDUM TO CIVIL RIGHT COMPLAINT FORM
TO CIVIL RIGHTS ACT. 42 U.S.C. §1983

1    gery.

2        105) Plaintiff Collins gave medical history of (lf) Knee; explaining how he injured him-
3    self in 1987, the damage he sustain and after reconstructive surgery he (plaintiff) had two arth-
4    roscopy surgeries.

5        106.) After performing physical test on (lf) Knee, Dr. Casian stated there is something
6    definitively wrong, she is going to submit a Physician Request for plaintiff to see an Orthopedic
7    Specialist, get X-rays and MRI.

8        107) Plaintiff Collins stated that he already had MRI, X-rays and was examined by two
9    orthopedic specialists and doctor at Corcoran submitted several request for me to receive sur-
10   gery, you said you seen that in my medical file then why is necessary to start the process all over
11   we can't go on the medical diagnosis already given.

12       108) Dr. Casian stated that she will talk to the Chief Medical Officer, it may not be ne-
13   cessary for you receive another MRI or orthopedic consultation if it has already been medical
14   determined your knee is injured and require surgery.

15       109.) Dr. Casian submitted a physician request for plaintiff to receive orthopedic special-
16   ist consultation, X-rays and MRI Scan on (lf) knee.

17       110) On March 22, 2016, plaintiff Collins had MRI Scan of (lf) knee which revealed
18   Posttraumatic and degenerative changes; Anterior cruciate ligament is torn, the lateral meniscus
19   is nearly absent, thinning of the medial meniscus causing bone to touch bone and small Baker
20   ganglion cyst formation.

21       111) Resulting from continued use of morphine medication cause discomforting consti-
22   pation and unintentional strain to defecate. Plaintiff Collins submitted sick call slip complaining
23   of inability and/or difficulties to defecate.

24       112) After several complaints, plaintiff was given a colon examine on May 9, 2016,
25   which revealed two polyps, where surgically removed and small hemorrhoids.

26       113) On June 7, 2016, plaintiff Collins had Telemed consultation with Orthopedic Spe-
27   cialist Dr. B. Cham M.D. (Ortho. Spec. Dr. Cham) and he informed plaintiff of the result of MRI
28   Scan, that tri-compartment has advance joint deformity and degeneration, especially in the lateral

ADDENDUM TO CIVIL RIGHT COMPLAINT FORM
TO CIVIL RIGHTS ACT. 42 U.S.C. §1983

1 | compartment, there is bone toughing bone, an absent anterior cruciate ligament and Dr. Cham in-
2 | formed plaintiff that only medical option is total knee replacement.

3 |     114) Plaintiff Collins gave Ortho. Spec. Dr. Cham consent and proximately two weeks
4 | afterwards plaintiff met with Dr. Cham at his office and again informed of the risk associated
5 | with TKR surgery. Plaintiff signed consent forms to proceed with the surgery.

6 |     115) On November 9, 2016, plaintiff Collins had TKR surgery performed on (lf) knee by
7 | Ortho Spec. Dr. B. Cham and there were no complication.

8 |     116) After removal of staples, there was physical therapy, plaintiff stop taking morphine
9 | on his own in approximately two weeks, was able to sleep and maneuver without pain.

10 | **VI. EXHAUSTION OF ADMINISTRATIVE REMEDIES**

11 |     117.) The allegation contained in this 42 U.S.C. §1983, complaint have been properly
12 | exhausted using the grievance procedures available in the California Department of Corrections
13 | and Rehabilitation

14 | **VII. LEGAL CLAIMS**

15 |     118.) Plaintiff Collins re-alleges and incorporates herein by reference to each and every
16 | allegation of paragraphs 1-through-124.

17 |     119.) That the aforementioned defendants described in this complaint were deliberately
18 | indifference to plaintiff's serious medical needs, they violated plaintiff's Constitutional Rights
19 | and subjected plaintiff to cruel and unusual punishment in violation to his Eight Amendment and
20 | Fourteenth Amendment of the United States Constitution.

21 |
22 | **VIII. PRAYER FOR RELIEF**

23 |     120) Therefore, plaintiff Collins respectfully prays that this Court enter judgment grant-
24 | ing plaintiff the following relief:

25 |     121) A Declaration that the acts and omission described herein violated plaintiff's rights
26 | under the constitutions and laws of the Untied States.

27 |     122) The defendants described in this complaint are being sued in their Official and In-
28 | dividual capacity.

ADDENDUM TO CIVIL RIGHT COMPLAINT FORM
TO CIVIL RIGHTS ACT. 42 U.S.C. §1983

1    123)  Plaintiff Collins request compensatory damages in the sum of One Hundred Thou-

2    sands (1, 000, 000) Dollars against the aforementioned defendants for their actions jointly and

3    individually.

4    124)  Plaintiff Collins request Punitive Damages in the sum of One Hundred Thousand

5    (1, 000, 000) Dollars against the aforementioned defendants for their actions jointly and indivi-

6    dually.

7    125)  Plaintiff Collins request a Trial by Jury on all issues that can be tried by a jury.

8    126)  Plaintiff Collins request to call witnesses at trial including expert medical wit-

9    nesses.

10   127)  Plaintiff request to be exempt from the costs of this lawsuit/civil complaint.

11   128)  Plaintiff requests any additional relief this court deem equitable, proper and just.

12

13   Respectfully Submitted:

14

15   _Larnell C. Collins_                                      Dated: _April 9, 2019_

16   Larnell C. Collins CDCR# C-37521

17   A-Facility 3 Building, Pod 1-1 Low

18   California Substance Abuse Treatment Facility at Ca. State Prison Corcoran

19   P.O. Box 5348

20   Corcoran, Ca. 93212

21

22

23

24

25

26

27

28

ADDENDUM TO CIVIL RIGHT COMPLAINT FORM
TO CIVIL RIGHTS ACT. 42 U.S.C. §1983

**VERIFICATION**

1

2     I, LARNELL C. COLLINS am the plaintiff in this instant action and have read the fore-

3  going Civil Complaint 42 U.S.C. §1983.

4     I hereby verify that the matters alleged herein are true and correct, as to matters alleged

5  on information and belief, I believe them to be true and correct.

6     I declare under the penalty of perjury that the foregoing facts and allegations in this Civil

7  Complaint 42 U.S.C. §1983, are true and correct!

8     Executed at *CSATF/Ca. State Prison Corcoran*

9

10

11

12  Respectfully Submitted: ~~Larnell Coll~~

13  Larnell C. Collins CDCR# C-37521          Dated: *April 9, 2019*

14  A-Facility 3 Building, Pod 1-1 Low

15  California Substance Abuse Treatment Facility at Ca. State Prison Corcoran

16  P.O. Box 5348

17  Corcoran, Ca. 93212

18

19

20

21

22

23

24

25

26

27

28