UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARNELL C. COLLINS,<br><br>                    Plaintiff,<br><br>        v.<br><br>CONALL McCABE, et al.,<br><br>                    Defendants. | **1:19-cv-00458-AWI-GSA-PC**<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, FOR PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDER**<br>**(ECF No. 36.)**<br><br>**OBJECTIONS, IF ANY, DUE IN 14 DAYS** |

      Larnell C. Collins ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  On April 9, 2019, Plaintiff filed the Complaint commencing this action.  (ECF No. 1.)

      On October 30, 2021, Defendants filed a motion for summary judgment, which is pending.  (ECF No. 29.)  Plaintiff was required to file a response to the motion for summary judgment within 21 days but did not do so.  On September 30, 2021, Plaintiff filed a motion for extension of time to file the response, the court granted Plaintiff a 90-day extension of time.  (ECF Nos. 31, 32.)  On January 24, 2022, Plaintiff filed another motion for extension of time, and on January 25, 2022, the court granted him 30 more days.  (ECF Nos. 35, 36.)  The 30-day

deadline for Plaintiff to file his response has expired and Plaintiff has neither requested an additional extension of time nor filed a response to the motion for summary judgment. Therefore, it will be recommended that this case be dismissed for Plaintiff's failure to comply with the court's order.

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since April 9, 2019. Plaintiff's failure to respond to the Court's order may reflect Plaintiff's disinterest in prosecuting this case. In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not comply with the court's orders. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to file an amended complaint or notify the court he wishes to proceed with the excessive force claim that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions in this circumstance are of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available. However, inasmuch as the dismissal being considered in

this case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal.  Id. at 643.

Accordingly, **IT IS HEREBY RECOMMENDED** that this action be dismissed based on Plaintiff's failure to obey the Court's order issued on January 25, 2022.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 8, 2022**               **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE